[Civ. No. 13584.   Second Dist., Div. Two.   May 1, 1942.]

JULES ARNOLD, Respondent, v. O. H. PARKENING et al., Defendants; ROBERT B. McELROY, Appellant.

642

Daily & Gallaudet for Appellant.

Bautzer & Ryan and Perry Bertram for Respondent.

HANSON, J. pro tem.—The complaint alleged that the plaintiff and the defendant Parkening entered into an agreement, partly in writing and partly oral, for the formation of a corporation to carry on a real estate business in which each was to share equally; that pending its formation plaintiff deposited $1,000 in a checking account in the joint name of the parties; that the parties as lessees entered into a lease for certain premises to be occupied by them as the office of their business; that they purchased in their joint names certain fixtures and personal property at the time located in the

office; that the parties acquired certain properties for their use and benefit and of the corporation; that articles of incorporation were prepared and filed and a charter was issued by the state in the corporate name "O. H. Parkening, Inc."; that defendant Parkening represented to plaintiff that he was interested in purchasing plaintiff's interest in their joint venture and in the corporation, and that pending negotiations therefor plaintiff agreed with Parkening that no application for a permit to issue stock should be made; that the parties continued their joint venture thereafter until September 9, 1940, when without the knowledge of plaintiff Parkening procured a permit from the Commissioner of Corporations authorizing the corporation to issue all its stock to defendant McElroy for the sum of $1,000 in cash; that McElroy had knowledge of all the facts as alleged, and conspired with Parkening to prevent the issuance of one-half of the corporate stock to plaintiff, and thereby prevented him from participating in valuable interests which the corporation had acquired. The prayer, among other things, asked that the defendants be required to account for any profits received by them for or on account of the corporation.

The trial court found that appellant McElroy conspired with the defendant Parkening to defraud the plaintiff, and that in the course of the conspiracy McElroy received certain properties and moneys from Parkening, or at the instance of Parkening, in which plaintiff was entitled to an undivided one-half interest. Accordingly the court entered judgment against McElroy for $900 and the costs of suit, and in addition decreed that he held certain real property in trust for plaintiff.

The appeal is on the judgment roll by McElroy alone. He is here contending that no cause of action was stated against him and so his demurrer on that ground should have been sustained. Moreover, he contends that the complaint did not charge him with having improperly procured any properties or moneys belonging to plaintiff, and that as a consequence the finding is outside the issues.

First: We think the demurrer to the complaint was rightly overruled. The complaint charged Parkening, who owed the duties of a fiduciary to plaintiff, with having procured properties and moneys for himself and the corporation and with arranging for the issuance of all the corporate stock to McElroy, when the plaintiff was entitled to one-half of any stock

issued and as a consequence to one-half of the profits, corporate or otherwise. It went on to allege that the nature, extent and character of the property were not known to plaintiff but were known to Parkening and McElroy, and that they with complete knowledge of his rights conspired to defraud him of those rights. Without further detailing the charges made in the complaint, we are completely satisfied it sufficiently stated a cause of action, good against the general demurrer.

■ Second: There is no adequate showing on the record before us that the findings went beyond the issues. While it is true that the complaint does not directly charge McElroy with having received property or money equitably belonging to the plaintiff, it prayed that he be required to account to the plaintiff. Whether the evidence upon which the court found against appellant came in with or without objection necessarily is not disclosed by the judgment roll. Accordingly we must assume it came in without objection. As plaintiff charged that he was entitled to participate in properties the nature, character and description of which were unknown to him, and prayed generally that appellant should be required to account to him, appellant cannot complain that he was not more directly charged with the fraud of which the court found he was guilty.

■ Third: A further contention made by the appellant is that the findings are contradictory. This is based on a statement in the findings that a secret profit of $900 received by McElroy belonged to the partnership of plaintiff and Parkening; and this being the case, appellant argues that it was recoverable only by the partnership entity and not by the plaintiff. But the action was not in debt but for an accounting, and so appellant may not complain that he is required to account to one of two partners he defrauded. If the court erred, and we do not know that it did, in requiring appellant to pay over the entire sum of $900 rather than one-half of that sum, no such error is assigned. In that connection we observe that the court not only found that Parkening was insolvent but that he had withdrawn from the business the sum of $11,018.90 and the plaintiff only the sum of $533.51. No doubt it was for that reason, along with the fact that the court found the appellant equally guilty with Parkening in defrauding plaintiff, that it ordered judgment for the full sum of $900. Even if the sum was technically payable to the corporation rather than the two so-called partners, it is of

no materiality. In either situation it was the plaintiff who was in fact defrauded, and a corporate veil is too thin to screen a wrongdoer in the circumstances of this case.

The judgment is affirmed.

Wood (W. J.), Acting P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 29, 1942.